IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

---

| | | |
|---|---|---|
| GREGORY LASKY. | : | CASE NO.  9:14-cv-3924-SB |
|          Plaintiff, | : | Civil Action |
|     vs. | : | |
| SWVP HILTON HEAD LLC. | : | **COMPLAINT** |
|          Defendant(s). | : | |

---

Plaintiff, Gregory Lasky ("Lasky"), residing at 3350 East Greenview Terrace, Margate, Broward County, Florida 33063 by way of complaint against the Defendant States:

### JURISDICTION

1. This Honorable Court has jurisdiction pursuant to 28 U.S.C. 1331 in that the Plaintiffs' cause of action is based on the Americans With Disabilities Act.  Venue is proper because all events giving rise to Plaintiffs' cause of action occurred within this district, as provided in 28 U.S.C. sec 1391(b)(2).

### PARTIES

2. Plaintiff, Gregory Lasky ("Lasky"), resides at 3350 East Greenview Terrace, Margate, Florida. He is a paraplegic as a result of a medical mishap is a disabled man. As a result he cannot walk and uses a wheelchair. Lasky qualifies as an individual with disabilities as defined by the  federal Americans with Disabilities Act (ADA).

3. The defendants own, lease, leases to, or operates a place of public accommodation as define by the ADA .The property that is the subject of this suit is a hotel commonly called Westin Hilton Head Resort and Spa  and whose address is 2 Grasslawn Ave. Hilton Head,

South Carolina.

## STATEMENT OF THE CASE.

This suit is a private action brought by a Plaintiff, who uses a wheelchair as a result of being a quadriplegic, for injunctive relief under the federal American with Disabilities Act, 42 USC 12182.

It would be wise to review the purposes of the access laws. First, the laws are about opportunity; as former Speaker of the House Gingrich has stated, "Mr. Chairman, throughout our history, our disabled citizens have not been provided the opportunity to participate in all phases of society. Designed to provide 43,000,000 Americans with enhanced opportunities, this bill, then, embodies the conservative idea of opportunity." 136 Cong. Rec. H2631 (daily ed. May 22, 1990) (Statement of Rep. Gingrich).

Second, the law is about the economic wellbeing of America. As former Attorney General Thornburgh testified, "We must recognize that passing comprehensive civil rights legislation protecting persons with disabilities will have direct and tangible benefits for our country. Certainly,…the mainstreaming of persons with disabilities will result…in more persons with disabilities working, in increasing earnings, in less dependence on the Social Security System for financial support, in increased spending on consumer goods, and increased tax revenues." Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11, 1989, p. 811.

Third, the law is to end segregation. As Senator Kennedy stated, "The Americans With Disabilities Act will end this American apartheid. It will roll back the unthinking and unacceptable practices by which disabled Americans today are segregated, excluded, and fenced

off from fair participation in our society by mindless biased attitudes and senseless physical barriers. 135 Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy). It is respectfully submitted that Senator Dole's opinion that the access laws are about dignity, "Living independently and with dignity means opportunity to participate fully in every activity of daily life136 Cong. Rec. S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole).

> privileges of any place of public accommodation. The New Jersey Supreme Court's construction of the statutory definition of a "place of public accommodation" has given its statute a more expansive coverage than most state statutes. In its "exercise of this high power" today, the Court does not accord this "courageous state" the respect it is due. Boy Scouts of America v. Dale, 530 U.S. 640, 663-664 (2000).

Plaintiffs seek an award of injunctive relief attorney fees and costs as a private attorney general. The Courts have explained the role of private enforcement of the access laws The 9th Circuit explained, "For the ADA to yield its promise of equal access for the disabled it may be indeed necessary and desirable for committed individuals to bring serial litigation advocating the time when public accommodations will be compliant with the ADA", D'Lil v. Best Western Encino-Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008).

As Judge Henderson of the United States District Court wrote;

> "There can be no question that the Americans With Disabilities Act, passed in 1990, established as law the nation's interest in eradicating the bigotry and barriers faced by individuals with disabilities. . .The ADA creates the possibility that successful Plaintiffs may establish permanent changes in the design and physical configuration of structures to better accommodate the disabled. . .The benefits of such changes clearly redound not only to the Plaintiffs themselves but to similarly situated disabled persons, and the entire society at large. As a result, Plaintiffs or Plaintiff classes who bring suit pursuant to the ADA do so in the role of 'private attorneys general' who seek to vindicate a policy of the highest priority."

In <u>Walker v. Guiffre</u>, 200 N.J. 124, 156 (2012) in awarding an enhancement in a state case held, "Her obligation served not her sole interests, but the interests of any and all who had been or who might otherwise in the future have been denied access to the premises. The relief sought, both because it was equitable in nature and because it was designed to serve a broad social purpose weighs in favor of a continuous enhancement at the highest end of the spectrum."

**FIRST COUNT.**

4. Plaintiff while attending a convention was a patron of defendant from August 7-9, 2014.

5. His ability to use the services of the hotel was impaired because of lack of proper access to him and the disabled as a whole.

6. Specially, the hotel parking does not provide proper parking for the disabled in that it not closest to the entrance, is too narrow and on a slope. In that Lasky is a wheelchair user it is more difficult for him to travel from point A to B therefore he has been discriminated against.

7. The route from the parking to the front entrance is on acute slopes that are dangerous to Lasky.

8. The door to the bathrooms is too heavy and close to quickly and the route is not maintained.

9. The routes to the recreation areas are too steep are not maintained and do not have proper handrails.

10. The above violations are violations of the federal ADA .

11. The discriminatory violations described above are not an exclusive list of the defendants' accessibility problems/violations. Plaintiff requires an inspection to identify all barriers.

12. Therefore, plaintiff Lasky has been discriminated against in violation of the ADA.

13.     The plaintiff intends to be a frequent patron of defendants, including August, 2015. He also intends to have his family stay at the hotel and will return as a tester.

14.     Plaintiff seeks equitable relief in that to create access is readily achievable if the above violations are pre-existing construction.

15.     Plaintiff reserves the right to file administrative remedies for damages under South Carolina law.

Wherefore plaintiff Lasky seeks:

    a) Injunctive relief under the ADA.

    b) Attorney fees and costs of suit under the ADA.

Date:  October 9, 2014.              By:     s/Anthony J. Brady, Jr.
                                                      ANTHONY J. BRADY, JR, ESQUIRE
                                                      South Carolina Bar No.15506
                                                      Law Office of Anthony Brady, Jr.
                                                      1670-9 Springdale Drive
                                                      PMB 159
                                                      Camden, South Carolina 29020
                                                      (856) 662-5234
                                                      (561)-603-6387
                                                      Email: ladbrady@gmail.com